United States District Court
Southern District of Texas
**ENTERED**
August 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTOINETTE ROJAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2279 |
| | § | |
| REVERSE MORTGAGE FUNDING, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Antoinette Rojas, filed this action in the 152nd Judicial District Court of Harris County, Texas, against Defendant Reverse Mortgage Funding, LLC ("Defendant").[1]  Pending before the court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support ("Defendant's Motion to Dismiss") (Docket Entry No. 4).  Although the motion was filed on July 22, 2022, Plaintiff has not filed a response.  Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's Motion to Dismiss within 21 days, the motion is treated as unopposed.[2]  Failure to oppose the motion is not in itself grounds

---

[1]Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Plaintiff's Complaint"), Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 6.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be
(continued...)

for granting the motion, however. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. Id.

## I. Factual and Procedural Background

Plaintiff alleges that her parents obtained a reverse mortgage on their real property located at 906 South Road, Baytown, TX 77521.[3] Plaintiff's parents died in 2019 and 2020.[4] Defendant initiated a foreclosure sale originally scheduled for July 5, 2022.[5] Defendant did not provide Plaintiff with notice of the loan's default, an opportunity to cure, notice of intent to accelerate, notice of acceleration, or notice of the foreclosure sale.[6] Plaintiff then filed suit in Harris County District Court alleging that Defendant breached the mortgage contract and violated Texas Property Code § 5.065 by failing to provide any notices and an opportunity to cure.[7] Plaintiff requests damages, disclosures

---

[2](...continued)
submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

[3]Plaintiff's Complaint, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 7 ¶¶ 4-5.

[4]Id. ¶ 8.

[5]Id. at 8 ¶ 10.

[6]Id.

[7]Id. at 9-10 ¶¶ 15-19.

pursuant to Texas Rule of Civil Procedure 194, a temporary restraining order, a temporary injunction, and a permanent injunction prohibiting Defendant from going forward with a foreclosure sale.[8] Defendant removed the action to this court and then filed its Motion to Dismiss for failure to state a claim.[9]

## II. Legal Standard

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999).

### B. Breach of Contract Standing

In Texas a party "assert[ing] a breach of contract cause of action . . . must prove its privity to the agreement or that it is

---

[8]Id. at 10-12 ¶¶ 20-28.

[9]Notice of Removal, Docket Entry No. 1, p. 1.

a third-party beneficiary." Maddox v. Vantage Energy, LLC, 361 S.W.3d 752, 756 (Tex. App.-Fort Worth 2012). In Texas "there is a presumption against conferring third-party-beneficiary status on noncontracting parties." South Texas Water Authority v. Lomas, 223 S.W.3d 304, 306 (Tex. 2007). "The intent to confer a direct benefit upon a third party 'must be clearly and fully spelled out or enforcement by the third party must be denied.'" Id. (quoting MCI Telecommunications Corp. v. Texas Utilities Electric Co., 995 S.W.2d 647, 651).

C.  **Texas Property Code § 5.065**

Texas Property Code provides that "a purchaser in default under an executory contract for the conveyance of real property may avoid the enforcement of [rescission or of forfeiture and acceleration] by complying with the terms of the contract" within 30 days of the notice required by § 5.064. Tex. Prop. Code § 5.065. Section 5.064 requires a seller enforcing the remedy of rescission or forfeiture and acceleration to provide the purchaser with notice of its intent to do so. Id. at § 5.064.

III.  **Application**

A.  **Breach of Contract Standing**

Plaintiff's Complaint includes a generic assertion that "[t]here exists a valid, enforceable contract between [Plaintiff] and [Defendant]."[10] Plaintiff alleged that her parents obtained a

---

[10]Plaintiff's Complaint, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 9 ¶ 16.

reverse mortgage from Defendant, but she has not alleged that she was a party to that mortgage.[11] Plaintiff has therefore not alleged sufficient facts to support her allegation that there is a contract between her and Defendant. Plaintiff has also not asserted third-party standing, and she has alleged no facts indicating that her parents and Defendant intended to confer a direct benefit upon her. Therefore, Plaintiff has failed to state a valid claim for breach of contract.

**B.   Texas Property Code § 5.065**

Section 5.065 of the Texas Property Code gives purchasers to executory contracts for the conveyance of real property the right to certain notices and an opportunity to cure default. Tex. Prop. Code § 5.605. This section does not apply to Plaintiff because (1) this case involves a reverse mortgage, not an executory contract for the conveyance of real property and (2) Plaintiff is not a purchaser of the real property in question. Therefore, Plaintiff has failed to state a claim under Texas Property Code § 5.065.

### IV.  Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P.

---

[11]Id. at 7 ¶ 8.

12(b)(6) (Docket Entry No. 4) is therefore **GRANTED**; and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 22nd day of August, 2022.

---
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE